**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

K-Tel International, Inc. and K-Tel International, GmbH,

Plaintiffs,

v.

Tristar Products, Inc.,

Defendant/Counterclaim Plaintiff,

v.

K-Tel International, Inc.,

Plaintiff/Counterclaim Defendant.

Civil No. 00-902 DWF/AJB

**ORDER ON MOTION FOR SEVERANCE**

---

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on Plaintiff K-tel International, Inc.'s Motion for Severance [Docket 27]. Hearing was held on June 25, 2001, at the U.S. Courthouse, 316 N. Robert Street, St. Paul, Minnesota, 55101. Blake Shepard, Esq., represented Plaintiffs K-Tel International, Inc. and K-Tel International, Gmbh. Kenneth A. Godlewski, Esq., Mark Matheson, Esq., and Christopher A. Ott, Esq., represented Defendant Tristar Products, Inc.

Based on the file, records, affidavits, and arguments of counsel,

**IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Severance [Docket 27] is **granted.** Defendant's Counterclaim relating to the Hook'n Hang product is severed from the original suit for a separate trial.

Date: August 14, 2001

ARTHUR J. BOYLAN
United States Magistrate Judge

FILED AUG 14 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

**MEMORANDUM**

Plaintiff K-Tel International, Inc. [K-Tel, Inc.] markets and distributes entertainment and consumer products in Minnesota and elsewhere. To facilitate sales in Europe, K-Tel, Inc. has a wholly owned subsidiary in Germany, Plaintiff K-Tel International, GmbH [K-Tel, GmbH]. Defendant Tristar Products, Inc. manufactures and distributes consumer products on a wholesale and retail basis throughout the United States. Plaintiffs brought their action on March 14, 2000, for breach of contract and breach of express and implied warranties arising out of a written contract entered into between K-Tel, Inc. and Tristar Products, Inc. in 1997. Plaintiff asserts that under this contract Defendant agreed to supply K-Tel, Inc. with unspecified quantities of a home exercise product called the "Bunblaster," and K-Tel's German subsidiary would then resell the product. Plaintiffs claim that these Bunblaster products sold by Defendant were defective, unmerchantable and unsuited for sale to consumers as warranted..

In early 1999, Tristar Products, Inc. entered into a distribution agreement with K-Tel International, Ltd. [K-Tel, Ltd.], an affiliated Canadian company, concerning a storage organizing device called Hook'n Hang. Defendant Tristar Products, Inc. asserts that no intellectual property rights concerning the Hook'n Hang product were acquired by K-Tel, Ltd. Subsequently, Defendant filed a Counterclaim against Plaintiff K-Tel, Inc. for allegedly manufacturing and distributing an inferior knock-off of the Hook'n Hang product.

In the motion now before the Court Plaintiff K-Tel, Inc. seeks to sever or bifurcate the counterclaim asserting that the counterclaim concerns different questions of law, a different product, different facts and transactions and different witnesses and documents than those

supporting the main action. Rule 21 states, "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed [1] and proceeded with separately." FED. R. CIV. P. 21.

Rule 21 is typically applied to sever parties that have been improperly joined under Fed. R. Civ. P. 20. Questions of severance are addressed to the broad discretion of the trial court. 7 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1689 (3d ed. 2001). The Court will consider a number of factors to evaluate if severance is appropriate including; (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present common questions of fact; (3) whether judicial economy would be served; (4) whether prejudice would be avoided if severance granted; and (5) whether different witnesses and documentary proof is necessary for the different claims. Id.; *see* Morris v. Northrop Grumman Corp., 37 F.Supp.2d 556 (D.C.N.Y. 1999). The underlying purpose of Rule 21 is to allow the district court to exercise its power to align the parties and issues presented in a single lawsuit that will foster judicial efficiency, while protecting parties from prejudice. Stark v. Independant School Dist., No. 640, 163 F.R.D. 557, 564 (D. Minn. 1995). In this instance Plaintiffs allege that they will be prejudiced by amending the schedule to accommodate the Counterclaim and will forced to

---

[1]The elements considered in a Fed. R. Civ. P. 21 and 42(b) motion are similar. The effects of these motions however, are very distinct. When a claim is severed pursuant to Fed. R. Civ. P 21 the two claims proceed as two completely separate trials. E.S. v. Independant School Dist., No. 196 Rosemount-Apple Valley-Eagan, 135 F.3d 566, 566 (8th Cir. 1998). When two claims are bifurcated under Fed. R. Civ. P. 42(b) the claims are not severed, but the judgment on the first issue is not an appealable final judgment. Severance in this instance is properly reviewed pursuant to Fed. R. Civ. P. 21.

prepare a defense under an accelerated time table. The Defendants on the other hand have asserted that severance would obligate them to litigate the same issues twice in two separate trials. Neither parties' assertion of prejudice weighs particularly heavily in the decision on severance, although the substantial added burden of having to defend against a Counterclaim does shift the weight somewhat in favor of severing the actions.

A second factor considered by this Court is the effect that severance under Rule 21 would have on the judicial economy and if separate trials would be beneficial. Although K-Tel and its subsidiaries contracted with Tristar Products, Inc. to distribute both the Hook n' Hang and Bunblaster products, this does not necessitate joined actions. Under the January 26, 1999, agreement with Tristar Products, Inc., K-Tel, Ltd. acquired the right to market the Hook n' Hang in Canada. In or around September 1997, K-Tel, GmbH purchased the Bunblaster product from Tristar Products, Inc. Under the Bunblaster agreement K-Tel, GmbH retained the right to sell the home exercise product in Germany, Austria and Switzerland. Each of the contracts involved separate companies and involved completely different products sharing no similarities in function.

The original suit brought by the Plaintiffs is a suit for a breach of contract. K-Tel, Inc. asserts that Tristar Products, Inc. supplied its German subsidiaries with a defective product. The Defendants filed a counterclaim against the Plaintiffs for manufacturing an allegedly inferior knockoff of the Hook'n Hang. The pleadings state claims for trade dress infringement, Lanham Act Violations, unfair competition, trademark infringement and patent infringement. The existence of different legal theories weighs in favor of severance in this case.

Finally, there is likelihood of jury confusion in assessing and evaluating patent damage

issues as opposed to contract damage issues involving different products being sold in two completely separate markets pursuant to different marketing agreements. The claims to be severed involve entirely different questions of law. The Court is persuaded that a single trial would not serve judicial economy, but indeed may hinder the progress of the original action. Therefore Defendant's Counterclaim is severed under Federal Rule 21 and will be tried separately.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500