/

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**K-TEL INTERNATIONAL, INC.,**

Plaintiff,

v.

**TRISTAR PRODUCTS, INC.,**

Defendant.

---

Civil No. 00-902 (JEL/JGL)

**ORDER**

APPEARANCES

Susan Humiston, Esq., for Plaintiff.

Michael Gray, Esq., Theodore Atkinson, Esq.,(telephonically) and Roger Colaizzi, Esq., (telephonically) appeared for Defendant.

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on January 29, 2003 on Defendant Tristar Production's Motion for an Enlargement of Time to Disclose the Identity of a Rebuttal Expert (Doc. No. 65). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. Introduction

This motion comes before the Court as a result of a disagreement over the proper interpretation of the Stipulation and Order for Extension of

FEB 03 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Discovery Schedule, October 24, 2002 ("Scheduling Order"). This Scheduling Order sets forth the timetable to be followed for the identification of experts under Rule 26(a)(2). According to Paragraph 2 of this Order,

> 2. Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:
>
> a. By Plaintiffs on or before October 25, 2002
>
> b. By Defendants on or before December 4, 2002
>
> c. Rebuttal and/or amended reports shall be due on or before January 8, 2003.

In mid-November, counsel for the parties conferred and agreed to a two-week extension for the December 4 and January 8 dates set forth in the Scheduling Order. This agreement extended the Defendant's disclosure date to December 18, 2002 and also extended the deadline for rebuttal reports to January 22, 2003.

Defendant served Plaintiff with three expert reports on December 18, 2002, but interpreted the Scheduling Order to permit additional expert disclosures prior to the January 22, 2003 rebuttal deadline. Plaintiff interpreted the Scheduling Order to require Defendant to disclose the identities and initial reports of all of its experts by the December 18, 2002. In early January, 2003, counsel for the parties discovered their conflicting interpretations of the Scheduling Order. Defendant then disclosed the identity of Dr. Victor Kaliakin, a rebuttal expert to Plaintiff's expert Carol Messier, in

early January, 2003. Defendant apparently submitted Dr. Kaliakin's report by the January 22 Scheduling Order deadline.

Defendant brings this motion pursuant to Federal Rule of Civil Procedure 6(b)(2), asking the Court to extend the time in the Scheduling Order for Defendant to name a rebuttal expert. Defendant argues that this motion should be granted because there was a legitimate misunderstanding as to the Scheduling Order's interpretation. Upon discovery of the inconsistent interpretation, Defendant immediately informed Plaintiff of its intent to name Dr. Victor Kaliakin as an additional expert in rebuttal and promptly presented Plaintiff with Dr. Kaliakin's *curriculum vitae*. Defendant argues that it has acted in good faith and that granting the motion to enlarge will not compromise any other judicial deadlines, including the trial-ready date of June 2, 2003. Plaintiff urges the Court to deny the motion on the grounds that it will be unfairly prejudiced by not having a chance to respond to the information presented in Dr. Kaliakin's report.

## II. Discussion

Federal Rule of Civil Procedure 6(b)(2) permits a court to enlarge the time permitted for a required action when the failure to act is the result of excusable neglect. See Fed. R. Civ. P. 6(b)(2). Excusable neglect is "understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." Ceridian Corp. v. SCSC Corp., 212 F.3d 398, 403 (8th Cir. 2000) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.

Partnership, 507 U.S. 380, 394 (1993)). Whether a party's neglect of a deadline may be excused is an equitable decision turning on "all relevant circumstances surrounding the party's omission." Id. (citations and footnotes omitted). Excusable neglect "is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Id. The factors to be weighed include the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith. Id.

This Court finds that granting an extension and allowing Defendant to introduce its additional expert will not severely impact the judicial proceedings, nor should it adversely affect the trial ready date or other dates in the Scheduling Order. Defendant disclosed Dr. Kaliakin's identity in early January, and Plaintiff has presented no evidence to suggest that Defendant was acting in bad faith in its erroneous interpretation of the Scheduling Order. Whereas Defendant could be prejudiced if it was precluded from naming its expert, Plaintiff will not be prejudiced by the extension, so long as it has an adequate opportunity to respond to Defendant's expert report. Accordingly, Defendant's motion is granted, and Plaintiff has thirty (30) days from the date of this Order to provide an additional report in rebuttal to Dr. Victor Kaliakin's January 2003 report.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Tristar Production's Motion for an Enlargement of Time to Disclose the Identity of a Rebuttal Expert (Doc. No. 65) is **GRANTED**. Plaintiff is given thirty (30) days from the date of this Order to submit a rebuttal in response to the report of Dr. Victor Kaliakin. All other deadlines established in the January 11, 2002 Pretrial Scheduling Order, modified by this Court on June 4, 2002, July 26, 2002 and October 24, 2002 shall remain in effect, including the June 2, 2003 trial ready date.

Dated: January 31, 2003

JONATHAN LEBEDOFF
Chief United States Magistrate Judge